# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SANDY FISHER,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0242** (BOR Appeal No. 2051540)
                    (Claim No. 2016028157)

**FREEDOM BANCSHARES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Sandy Fisher, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Freedom Bancshares, Inc., by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal is whether the alleged knee injury suffered by Ms. Fisher on May 4, 2016, is compensable. On May 16, 2016, the claims administrator rejected the claim and determined that the injury did not occur directly resulting from occupational duties. On August 26, 2016, the Workers' Compensation Office of Judges affirmed the claims administrator's rejection of the claim. This appeal arises from the Board of Review's Final Order dated February 17, 2017, in which the Board affirmed the rejection of the claim by the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Fisher, a teller for Freedom Bank, filed a claim for workers' compensation benefits following an incident on May 4, 2016. She claimed that she injured her right knee when she tripped over a rug while leaving the restroom. She was taken by EMS to United Hospital Center for treatment. In a discharge summary, Michael Angotti, M.D., noted that the primary diagnosis was acute meniscal tear.

Prior to the alleged injury on May 4, 2016, Ms. Fisher had previously been treated for right knee pain. On February 25, 2016, she sought treatment with Dr. Angotti due to her knee pain. Upon x-ray and examination, Dr. Angotti diagnosed Ms. Fisher with right knee degenerative disease. Ms. Fisher was referred for an orthopedic consultation and was seen by Joseph Fazalare, M.D., on March 23, 2016. Dr. Fazalare noted that Ms. Fisher complained of right knee pain for six to eight months. He administered an injection of medicine to the medial joint line and noted that an MRI would be necessary if her condition did not improve. Ms. Fisher returned to Dr. Fazalare one week before the alleged work-related injury, on April 28, 2016. Dr. Fazalare documented sharp medial pain and effusion, which was new since the previous visit. He diagnosed Ms. Fisher with a right medial meniscus tear and internal derangement. On May 3, 2016, the day before the alleged injury, Ms. Fisher returned to Dr. Angotti. She reported that her knee pain had not improved.

On May 16, 2016, the claims administrator entered an Order denying Ms. Fisher's application for benefits. It was determined that the injury did not occur directly from her occupational duties. The claims administrator noted that Ms. Fisher sought treatment for the same knee prior to May 4, 2016. Ms. Fisher protested the claims administrator's decision.

By Decision dated August 26, 2016, the Office of Judges affirmed the rejection of the claim by finding that Ms. Fisher had not proven by a preponderance of the evidence that she sustained an injury to her right knee on May 4, 2016. The Office of Judges found that the evidence of record demonstrates that Ms. Fisher suffered from a pre-existing condition with her right knee. The Office of Judges noted that on February 25, 2016, Ms. Fisher presented to her primary care physician, Dr. Angotti, with complaints of right knee pain with no trauma. Ms. Fisher had been having pain for three months before treating with Dr. Angotti. She was diagnosed with degenerative joint disease of the right knee. Following a referral, Ms. Fisher was seen by Dr. Fazalare, an orthopedic surgeon. Dr. Fazalare noted that Ms. Fisher began noticing a gradual onset of pain for six to eight months, without known injury. On April 28, 2016, Dr. Fazalare changed his primary diagnosis from osteoarthritis of the right knee to medial meniscus tear. The diagnosis of medial meniscus tear was prior to the alleged injury on May 4, 2016. In light of pre-existing clinical findings indicating a torn medial meniscus, the Office of Judges concluded that Ms. Fisher failed to show that her injury was a result of her accident on May 4, 2016. The Board of Review affirmed the rejection of the claim by the Office of Judges on February 17, 2017.

We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. Ms. Fisher has not established that she suffered a new injury on May 4, 2016. The evidence of record establishes that she was diagnosed with a pre-existing medial meniscus tear a week prior to the alleged injury. The record supports the Board's decision that Ms. Fisher did not suffer an injury in the course of and as a result from her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3